IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-207-BO

| | |
|---|---|
| ANGELA SIMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 27 & 32]. A hearing on this matter was held in Raleigh, North Carolina on September 19, 2014 at 10:30 a.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On June 2, 2010, plaintiff applied for disability insurance benefits and supplemental security income. Her applications were denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") then held a hearing and issued an unfavorable decision that plaintiff was not disabled. Plaintiff having exhausted her administrative remedies, and the ALJ's decision being the Commissioner's final decision, plaintiff now seeks judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was born in 1984, completed the ninth grade and has a limited work history as a cashier. [Tr. 19, 304–05, 313]. Plaintiff alleges that she suffers from hydrocephalus, tachycardia,

scoliosis, depression, dyslexia, herpes, anxiety, "crippling pain in side and back," and headaches. [Tr. 312].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves

on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges that the ALJ's decision is not supported by substantial evidence as he improperly evaluated the medical record and plaintiff's credibility when forming the RFC. The ALJ found that plaintiff had the severe impairments of: history of congenital hydrocephalus with shunt placement, headaches, high blood pressure, scoliosis, tachycardia, and depression. [Tr. 12]. The ALJ then found that plaintiff had an RFC of light with occasional climbing of stairs and ramps, bending, balancing, stooping, crawling, kneeling, and crouching. He also found that she must avoid temperature extremes and that she was limited to low production or low stress occupations that do not require complex decision-making, constant change, or dealing with crises situations. [Tr 15].

The Court finds that the ALJ erred in determining plaintiff's RFC to be light and in finding that there were jobs in the national economy that plaintiff could perform. The ALJ found plaintiff to have congenital hydrocephalus with headaches. [Tr. 15]. The record further indicates that plaintiff has undergone approximately 20 shunt revision surgeries and that her headaches are chronic and intractable. The ALJ's finding that plaintiff's testimony regarding her chronic headaches was lacking in credibility on the premise that she had not experienced any exacerbations of her hydrocephalus is obviously erroneous. [Tr. 16]. Plaintiff has struggled with her condition since she was born, was unable to participate in regular classes as a child, did not go to high school and was later unable to engage in sustained work activity due to her complicated history of shunted hydrocephalus. [Tr. 256, 283, 412–13]. Indeed, the only work

3

history she has is due to her father being the manager of the convenience store which employed her. [Tr. 580, 916]. When in a competitive work environment for another employer, she was quickly terminated after missing substantial amounts of work due to her medical absences. [Tr. 38, 204].

The evidence in the record clearly establishes plaintiff's lengthy history with hydrocephalus and the headaches doctors attributed to the condition. [Tr. 461–62, 519, 523, 587, 607, 619, 791]. Further it is clear that the headaches persisted throughout the relevant time period. [Tr. 409–10, 507, 892, 911, 916, 920, 927, 936, 985, 998, 1013]. Hydrocephalus is a condition from which one does not simply recover. At best it is managed. Here, the evidence in the record shows that plaintiff's condition is not being managed in a manner that might allow her to work. She clearly suffers from debilitating headaches that are supported by the record and cannot maintain employment in the competitive market. Accordingly the ALJ erred in finding that she has an RFC at light and that there are jobs in the national economy that she can perform. Due to her persistent headaches it is clear that plaintiff cannot maintain any kind of employment in the national economy and is therefore entitled to benefits. Accordingly the decision of the Commissioner is reversed and the matter is remanded to the Agency for an award of benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED. This 27 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE